**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD FORT, | ) | CASE NO. 1:16CV1449 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JACK ZOUHARY |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| BRIGHAM SLOAN, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | **)** | |
| Respondent. | ) | |

This 28 U.S.C. § 2254 petition for writ of habeas corpus is before the magistrate judge pursuant to Local Rule 72.2.  Before the court is the petition of Richard Fort for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio vs. Fort*, Case No. CR-13-572511 (Cuyahoga County August 14, 2013).  For the following reasons, it is recommended that the instant petition be transferred to the Sixth Circuit as a second or successive habeas petition.

**I. Factual Background**

The state appellate court that affirmed Petitioner's conviction noted the following facts and procedural history:

{¶ 1} Defendant-appellant Richard Fort was pulled over for a traffic

violation and attempted to flee from police resulting in a high-speed chase. When police caught up with Fort, the investigating officer searched him incident to his arrest and found drugs, drug paraphernalia, a large amount of cash, and several cell phones, among other items. Fort was indicted on multiple counts that all included forfeiture specifications with two counts having major drug offender specifications attached. A jury found Fort guilty of the offenses, and the court found Fort guilty of the major drug offender specifications.

{¶ 2} On appeal, Fort argues that the trial court erred by determining that the cash and other items seized were proceeds of a criminal offense and, therefore, the court should have granted his motion to return the items. He also argues that the court committed reversible error when it allowed the state to comment on his constitutional right to remain silent upon arrest, and lastly, that the court erred by finding him to be a major drug offender. Finding no merit to Fort's arguments, we affirm the decision of the trial court.

{¶ 3} Officers Kevin Pozek and Kyle French of the Maple Heights Police Department were involved in the arrest of Fort. Officer Pozek testified that in March 2013, he observed a vehicle drive straight through a turn-only lane. He activated his overhead lights and called for backup assistance. Once the vehicle stopped, Pozek turned on the personal camera attached to his uniform and approached the vehicle. The driver, later identified as Fort, rolled down his window slightly. Pozek testified that he immediately smelled marijuana and asked Fort where he had stored the marijuana inside of the car. Fort stated that it was inside his pocket and went to reach for it, but Pozek demanded that Fort keep his hands on the steering wheel. Fort then sped away while Pozek was standing next to the driver's side window.

{¶ 4} Officer French arrived on scene, and the officers pursued Fort in their police vehicles. Fort was eventually apprehended when he stopped his car in a driveway. Pozek patted down Fort and searched the vehicle. Fort had a large amount of cash on him, and inside the vehicle, police found drugs and drug-related items. Specifically, the search yielded $9,436.73, five cell phones, a folding knife, a marijuana cigarette, 31.4 grams of crack cocaine, 8.6 grams of raw marijuana, a bag of coins, 137.7 grams of cocaine, a digital scale, and some electronics and clothing items.

{¶ 5} Fort was charged with drug trafficking, drug possession, possession of criminal tools, and failure to comply, with forfeiture specifications. The drugs, cash, vehicle, and the contents of the vehicle seized by police were deemed to be contraband or proceeds from illegal activity. Fort pleaded not guilty to the charges and moved to have the cash, vehicle, and

personal items returned to him.  The state opposed the motion, and the trial court held a hearing.  The court denied Fort's motion in part relating to the cash, vehicle, and personal items, but granted the motion in part as it related to tools Fort needed for work as a handyman.

{¶ 6} During the trial after the stated rested its case, Fort moved for an acquittal pursuant to Crim. R. 29.  With regard to the forfeiture specifications, Fort argued that the state failed to prove that any of the personal items were connected to criminal activity.  The court denied the motion in part and granted it in part finding that the state had met its burden in demonstrating that the money, the vehicle, and cell phones were connected to drug trafficking, but that there was inadequate proof with respect to the clothing and other personal items.  At the conclusion of trial, Fort again moved for an acquittal relating to the forfeiture specifications and the drug charges.  The court denied the motion.  The jury found Fort guilty of the offenses with the forfeiture specifications, and the trial court found Fort guilty of major drug offender specifications. Fort was sentenced to 11 years in prison.

*State v. Fort*, 17 N.E.3d 1172, 2014-Ohio-3412 (Ohio App. 8th Dist. Aug. 7, 2014). [1]

## II.  Proceedings in this Court

On June 13, 2016, Petitioner, through counsel James Willis, filed the instant habeas petition, raising the following four grounds for relief:

> I.   DUE PROCESS WAS INVARIABLY DENIED WHEN THE TRIAL COURT FAILED TO ARTICULATE CERTAIN REQUIRED FACTUAL FINDINGS, AND FAILED TO INDICATE ANY LEGAL THEORY UNDERLYING ITS DECISION NOT TO RETURN ANY OF THE MONIES TAKEN FROM PETITIONER IN THE WAKE OF HIS CONVICTIONS.

---

[1] A full recitation of the procedural history is not necessary to resolve the instant matter and, indeed, would be difficult in light of the fact that a Return has not yet been filed.  The Court does note, however, that the state appellate court affirmed Fort's conviction and sentence on August 7, 2014.  *State v. Fort*, 17 N.E.3d 1172, 2014-Ohio-3412 (Ohio App. 8th Dist. Aug. 7, 2014).  Fort appealed, and the Ohio Supreme Court subsequently declined to accept jurisdiction.  *State v. Fort*, 2015 WL 554 (February 18, 2015).  The United States Supreme Court denied Fort's petition for writ of certiorari on June 15, 2015.  *Fort v. Ohio*, 135 S.Ct. 2843 (Mem), 192 L.Ed.2d 880 (June 15, 2015).

    II.      GIVEN THAT TO WARRANT A CRIMINAL FORFEITURE OF SPECIFIC PROPERTY, THE STATE BEARS THE BURDEN OF PROVING THE PROPERTY (FOR WHICH FORFEITURE WAS SOUGHT) COULD BE RELATED TO THE OFFENSE OF CONVICTION, AND GIVEN THE ABSENCE OF ANY SUCH PROOF HERE, CLEARLY THERE WOULD BE INSUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT THE FORFEITURE OF ANY NON-CONTRABAND ITEMS.

    III.     DUE PROCESS WAS OFFENDED WHEN CERTAIN QUESTIONS WERE INTENTIONALLY AND IMPROPERLY ASKED OF PETITIONER DURING HIS TRIAL (THAT WERE WILLFULLY CRAFTED), TO INFLUENCE THE JURY AS TO WHY HE DID NOT REVEAL CRITICAL SEGMENTS OF HIS DEFENSE TO THE POLICE WHILE HE WAS BEING ARRESTED.

    IV.     AN ACCUSED IS DENIED DUE PROCESS WHEN THE COURT, NOT THE JURY, DESPITE *ALLEYNE V. UNITED STATES*, 133 S.CT. 2151 (2013), MAKE THE FINDING THAT THE DEFENDANT WAS A 'MAJOR DRUG OFFENDER,' AND HE IS SENTENCED ACCORDINGLY.

(Doc. No. 1 at 8.)

In reviewing the instant petition, the Court noticed that Fort had already filed a *pro se* habeas petition in this Court challenging the same state court conviction and sentence at issue in this case. *See Fort v. Sloan*, Case No. 1:16CV551 (N.D. Ohio) (Zouhary, J.) Fort's *pro se* petition was filed on March 7, 2016 and expressly challenges the same conviction and sentence at issue in the instant petition, i.e., in *State of Ohio vs. Fort*, Case No. CR-13-572511 (Cuyahoga County August 14, 2013). In his *pro se* petition, Fort raises six grounds for relief, the first four of which are very similar (and, in some cases, identical) to the grounds raised in the petition filed by counsel in the instant case. Specifically, Fort raises the following six grounds in his previously filed, *pro se* petition:

4

> I. DUE PROCESS IS DENIED WHEN THERE IS A FAILURE TO ACQUIT, NOT ONLY THE MONEY, BUT THE VEHICLE, CELL PHONES, VIDEO GAMES, AND A KNIFE, WHERE THE ONLY EVIDENCE DEALING WITH THESE ITEMS SHOWED THEIR MERE PRESENCE IN THE CAR WITH THE ACCUSED.
>
> II. TO WARRANT A CRIMINAL FORFEITURE OF SPECIFIC PROPERTY, THE STATE BEARS THE BURDEN OF PROVING THE PROPERTY (FOR WHICH FORFEITURE WAS SOUGHT) COULD BE RELATED TO THE OFFENSE OF CONVICTION. SO POSTURED, GIVEN THE ABSENCE OF ANY SUCH PROOF HERE, CLEARLY THERE WOULD BE INSUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT THE FORFEITURE OF ANY NON-CONTRABAND ITEMS.
>
> III. DUE PROCESS WAS OFFENDED WHEN CERTAIN QUESTIONS WERE WILLFULLY ASKED OF THE DEFENDANT, TO INFLUENCE THE JURY, AS TO WHY HE DID NOT DISCUSS SEGMENTS OF HIS DEFENSE WITH THE POLICE AFTER HE WAS ARRESTED.
>
> IV. AN ACCUSED IS DENIED DUE PROCESS WHEN THE COURT, NOT THE JURY, DESPITE *ALLEYNE V. UNITED STATES*, 133 S.CT. 2151 (2013), MAKES THE FINDING THAT THE DEFENDANT WAS A 'MAJOR DRUG OFFENDER,' AND HE IS SENTENCED ACCORDINGLY.
>
> V. DEFECTIVE INDICTMENT. DUE PROCESS VIOLATION SINCE THE INDICTMENT IS ONLY RECEIVED FOR FILING WITH NO DEPUTY CLERK SIGNATURE ON IT.
>
> VI. NO JURY VERDICT FORM. DUE PROCESS VIOLATION.

*Fort v. Sloan*, Case No. 1:16CV551 at Doc. No. 1. Fort's *pro se* petition currently remains pending before this Court.

On June 20, 2016, the Court issued a Show Cause Order in the instant case, which stated (in relevant part) as follows:

> [T]he Court has determined that, on March 7, 2016, Petitioner filed a *pro se* petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, in which he challenges the same conviction and sentence that is challenged in the instant petition. *See Fort v. Sloan*, Case No.

>   1:16CV551 (N.D. Ohio)(Zouhary, J.) ***Petitioner is ordered to show cause why the instant petition should not be transferred to the Sixth Circuit as a second or successive petition.*** **Petitioner shall file a brief addressing this issue on or before Friday, July 1, 2016.**

(Doc. No. 6) (emphasis in original).

On June 30, 2016, Fort, through counsel, filed a "Response to Show Cause Order" in the instant case that purported to address the Court's concerns regarding Fort's *pro se* habeas petition filed in Case No. 1:16CV551. (Doc. No. 7.) In that Response, counsel for Fort states that "when counsel filed for him the Petition for Writ of Habeas Corpus, he had no knowledge Fort, on his own had already filed something he called a 'Petition for Writ of Habeas Corpus.'" (Doc. No. 7.) Counsel then states that "[o]ur hope is the Court will credit the Petition we filed on June 13, 2016, as his sole and only Petition." (*Id.*)

On July 1, 2016, this Court issued an Order in the instant case, stating that it could not *sua sponte* dismiss the *pro se* habeas petition filed by Ford in Case No. 1:16CV551. (Doc. No. 9.) The Court then ordered as follows:

>   **If Petitioner wishes to withdraw one of his petitions, he must file a notice of dismissal in that action by no later than Monday, July 11, 2016. In the event that no election is made between the two petitions currently pending before this Court, the instant petition will be transferred to the Sixth Circuit as a second or successive petition**.

(*Id.*) (emphasis in original.) This Order was also mailed directly to Fort at the address he listed in connection with his *pro se* petition in Case No. 1:16CV551.

As of the date of this Order, Fort has not withdrawn his *pro se* petition.[2]

---

[2] In an abundance of caution, the Court contacted Fort's counsel in the instant case (James Willis) to inquire as to the status of Fort's two habeas petitions. A member of Mr. Willis' office advised the Court that Mr. Willis would contact Fort and discuss

**II. Law and Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") greatly restricts the power of federal courts to award habeas relief to state prisoners who have already filed § 2254 petitions.  As amended by the AEDPA, 28 U.S.C. § 2244 provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due dilligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).  Before filing a second or successive § 2254 petition, the AEDPA requires a petitioner to first obtain an order "authorizing the district court to consider" the petition from the appropriate court of appeals.  28 U.S.C. § 2244(a)(3).

The mere fact that a petitioner has previously filed a § 2254 petition does not

---

with him his intentions regarding his two petitions.  The following day, Mr. Willis' office contacted the Court and represented that Mr. Willis had spoken directly with Fort and that Fort wished to withdraw his *pro se* petition in Case No. 1:16CV551. To date, neither Fort nor his counsel has filed appropriate papers to dismiss either of the petitions.  Nor has counsel filed a notice of appearance in the first petition that would be necessary for him to take any action in that case on his client's behalf.

necessarily mean that a subsequent § 2254 petition is a "second or successive" petition. *In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011) (citing *Panetti v. Quarterman*, 551 U.S. 930, 944, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007)). Rather, the phrase "second or successive petition" is a term of art "given substance" by the habeas opinions of the Supreme Court. *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Under the relevant decisions, a subsequent petition filed pursuant to § 2254 is not a second or successive petition if it meets either of two criteria. First, a subsequent petition is not a second or successive petition if the claims asserted in that petition were not ripe at the time an earlier petition was filed. *See Stewart v. Martinez—Villareal*, 523 U.S. 637, 643–46, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (finding that when a second petition presents a claim identical to a claim that was included in an earlier petition but was not yet ripe for review, the court should treat both petitions as a single application for habeas relief), and *Panetti*, 551 U.S. at 942–44 (holding that a petition that presents a claim that was not presented in an earlier petition but would have been unripe had it been presented is not a second or successive petition). Second, a petition is not a second or successive petition if it attacks a state court judgment that was not attacked in the previous petition. *See Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796, 177 L.Ed.2d 592 (2010); *Storey v. Vasbinder*, 657 F.3d 372, 378 (6th Cir. 2011).

The Court finds Fort's habeas petition in the instant case is a second or successive petition. The instant petition was filed subsequent to, and challenges the same conviction and sentence at issue in, Fort's *pro se* petition in Case No. 1:16CV551. All of the claims raised in the instant petition appear to have been presented in his prior,

8

*pro se* application.³ Moreover, Fort has not argued that any of the claims asserted in the instant petition were not ripe at the time he filed his previous petition. Nor has he claimed this petition attacks a state court judgment that was not attacked in the previous petition. Indeed, Fort appears to essentially concede that the instant petition is successive to his previously filed *pro se* petition, raising no meaningful argument as to why the instant petition should not be considered a "second or successive" petition pursuant to § 2244. Thus, the Court can come to no other conclusion but that the instant petition constitutes a second or successive petition.

As noted above, before a second or successive habeas petition can be filed in the District Court, the Petitioner must move in the appropriate Circuit Court of Appeals for an order authorizing the District Court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Indeed, courts have held that a District Court does not have jurisdiction to entertain a successive Petition for Writ of Habeas Corpus in the absence of an order from the Court of Appeals authorizing the filing of such successive petition. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). *See also Ramirez v. Jones*, 2014 WL 3198614 at \*2 (N.D. Ohio) (Zouhary, J.).

Here, Fort has not moved for, and the Sixth Circuit has not granted him, authorization to file the instant second or successive petition in this Court. Accordingly,

---

³ Fort raises no argument to the contrary in his Response (Doc. No. 7) to this Court's Show Cause Order.

it is recommended that Fort's petition be transferred to the Sixth Circuit.[4]


Date:  July 15, 2016                                    /s/ *Nancy A. Vecchiarelli*
                                                        United States Magistrate Judge


### **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**

---

[4] The Court recognizes that it might be preferable for Fort to proceed with the instant petition as it was filed by counsel.  Fort, however, was given the opportunity to elect between his petitions and failed to timely do so.